IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK DAVENPORT, | ) |
| | ) |
|          Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 16-cv-494-NJR |
| | ) |
| J. SZCZEPANSKI, | ) |
| | ) |
|          Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate at the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks declarative relief and damages for retaliation and cruel and unusual punishment in violation of the First and Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**–The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**–On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Defendant Szczepanski is the correctional officer in charge of the inmate clothing room at Pinckneyville Correctional Center. (Doc. 1, p. 2). On May 28, 2014, Plaintiff reported to the clothing room where he attempted to make his semi-annual exchange for new clothing, but was turned away when Szczepanski demanded that he sign a payment voucher for shoes and Plaintiff refused. (Doc. 1, p. 3). Plaintiff believes, based on information that he received pursuant to a Freedom of Information Act request and from the Administrative Review Board ("ARB"), that Illinois prisons are no longer permitted to charge inmates for state-issued gym shoes. (Doc. 1, p. 3). Plaintiff successfully grieved a charge for shoes, and the ARB issued him a refund in February 2014. (Doc. 1, p. 6, 15). Plaintiff told Szczepanski that he would file a grievance on her for attempting to charge him for the shoes. (Doc. 1, p. 3). Szczepanski told him to leave and not to threaten her. Szczepanski further stated that she did not care what letters Plaintiff had. (Doc. 1,

p. 3). Plaintiff alleges that Szczepanski continued to charge inmates for shoes through August 2014, despite the change in policy. (Doc. 1, p. 6).

As a result of Szczepanski's conduct, Plaintiff was forced to continue wearing his old gym shoes, which became waterlogged every time it rained. (Doc. 1, p. 4). They also had holes in the bottom of them, which allowed rocks and other debris to enter the shoes, making it painful for Plaintiff to walk. (Doc. 1, p. 5). He also alleges that he suffered a jaw dislocation because he did not get his annual exchange. (Doc. 1, p. 4).

Plaintiff sent another request to the clothing room for his annual exchange on June 15, 2014; Szczepanski refused to respond. (Doc. 1, p. 5). Plaintiff sent another request on August 13, 2014. (Doc. 1, p. 5). This time Szczepanski answered, indicating that Plaintiff would be permitted to make his exchange, but informing Plaintiff that the Clothing Room was out of whites (the dress uniform) at that time. (Doc. 1, p. 5). Plaintiff was then called for shoes and blues. (Doc. 1, p. 5). Plaintiff alleges that shoes, blues, and whites were available in May. (Doc. 1, p. 5).

The Court will divide Plaintiff's claims into counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** First Amendment Retaliation Claim against Szczepanski for refusing to make Plaintiff's annual exchange after he threatened to file a grievance against her for attempting to make him sign a money voucher.
>
> **COUNT 2:** Eighth Amendment claim for cruel and unusual punishment against Szczepanski for refusing to give Plaintiff new shoes and causing him to wear old shoes for nearly three months because she had a policy of charging inmates for shoes.

**D**ISCUSSION

**Count 1**

An inmate has a constitutional right to file a grievance as part of his right of access to the courts under the First Amendment. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Retaliatory official action violates the Constitution, even if the officer would be otherwise authorized to take that action in the absence of a retaliatory motive. *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). To succeed on a First amendment Retaliation claim, a plaintiff must prove: (1) that he engaged in conduct protected by the First Amendment; (2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Here, Plaintiff has alleged that he threatened to file a grievance. But a threat to file a grievance is not actionable under a retaliation framework. *Id*. at 555 (dismissing allegations that plaintiff "communicated a grievance to the government when he threatened the Defendant that he was going to file a grievance against her because it was inappropriate for her to kick his cell door, turn his lights on and off, and slam his cell trap while he was sleeping"). Plaintiff attempts to get around this by pointing to the February 2014 grievance response, which indicates that prisoners should not be charged for shoes. Plaintiff has not pleaded, however, that Szczepanski *knew* about that grievance. Plaintiff does not allege that he named her in the grievance, and Szczepanski is not copied on Plaintiff's exhibit explaining that prisons will not charge for shoes. In fact, his complaint alleges that she threw him out of Clothing when he tried to bring it to her attention. Plaintiff's complaint also specifically states that Szczepanski told him to leave because he told her he would file a grievance, not because he had already filed one. A defendant cannot

be held liable where a prisoner engages in protected activity if the defendant does not know about the protected activity. Additionally, the factual allegations in Plaintiff's complaint establish that Szczepanski threw Plaintiff out for making threats and trying to show her letters, not because of the February 2014 grievance.

Plaintiff also has failed to adequately allege that Szczepanski's conduct would deter a person of ordinary firmness from filing a grievance. In fact, Plaintiff attached the grievance to the complaint that he filed after Szczepanski denied him clothes. (Doc. 1, p. 9). Plaintiff also has alleged that he was permitted to do his shopping nearly three months later in August. In *Bridges*, the Seventh Circuit found that the plaintiff had not adequately alleged that a person of ordinary firmness would be deterred from grievance activity where plaintiff alleged that he had been disciplined in retaliation, but the discipline was ultimately overturned. *Id*. This is similar to the facts here. Plaintiff has alleged that he was denied clothes, but the denial was effectively overturned less than three months later. Even if Plaintiff's speech was deemed protected activity, Plaintiff allegations do not lead to an inference that the retaliation would deter a person of ordinary firmness from exercising First Amendment activity in the future. In fact, Plaintiff did exercise his First Amendment rights by filing a grievance a mere nine days after he was allegedly retaliated against. Because the Court finds that Plaintiff's threat to file a grievance was not protected activity and that a short-term refusal to issue clothing and shoes would not deter a person of ordinary firmness from filing grievances, this count must be dismissed for failure to state a claim.

**Count 2**

The Eighth Amendment prohibition on cruel and unusual punishment forbids unnecessary and wanton infliction of pain and punishment grossly disproportionate to the

severity of the crime. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Prison conditions that deprive inmates of basic human needs–food, medical care, sanitation, or physical safety–may violate the Eighth Amendment. *Rhodes*, 452 U.S. at 346; *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).

Claims under the Eighth Amendment have both an objective and subjective component. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The conditions must have resulted in an unquestioned and serious deprivation of basic human needs or deprived the inmate of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987). The second, subjective element of a conditions claim requires the plaintiff to establish the defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

A colorable Eighth Amendment claim arises where a prisoner's clothing is insufficient to provide protection from weather conditions, *see Smith v. Peters*, 631 F.3d 418, 420 (7th Cir. 2011); *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997). Some courts have found that a refusal to issue adequate clothing can satisfy the objective component of an Eighth Amendment violation. *See Hazen v. Pasley*, 768 F.2d 226, 228 n.2 (8th Cir. 1985) (detainees had only one set of clothes for four months; district court found that "[a]lthough the practice of requiring detainees to wash and dry their own clothing is not unconstitutional per se, the Court finds that requiring detainees to wait in varying degrees of undress while their clothes are drying is

impermissible"); *Carter v. Meisner*, No. 12-cv-574-WMC, 2014 WL 5580917, at *8-9 (W.D. Wis. Oct. 31, 2014) (plaintiff satisfied the objective portion of a claim for unconstitutional conditions where he had only a single set of clothing for one year); *Evans v. Headley*, 566 F. Supp. 1133, 1138 (S.D.N.Y. 1983) (prisoner stated an Eighth Amendment claim where jail supplied only one set of clothing for a 45-day period).

This case is distinguishable from those cases from other courts where prisoners were deprived of adequate clothing. Plaintiff had shoes during the relevant time period, but he contends the shoes were not up to standard. Plaintiff has alleged that his shoes became wet when it rained, but he has not alleged that new shoes would have remained dry in the same circumstances. Most shoes, unless specifically treated, will become wet in the rain. He has also alleged that his shoes had holes in the bottom that let in rocks and other debris. He has not alleged that he missed any yard time or other activities due the condition of his shoes. He has also not alleged that he had to go without shoes or was otherwise undressed, like the inmates in the cases cited above. And although he alleged that the rocks that made it into his shoes caused him pain, he has not alleged he suffered any lasting foot problems as a result, and many people have managed to remove pebbles from their shoes without incident. Plaintiff has alleged that he suffered from TMJ or lockjaw, but the Court cannot see how that is related to his feet. Accordingly, at this stage, the complaint does not indicate that Plaintiff suffered an objectively serious deprivation of necessary clothing.

As to the subjective component of the claim, Plaintiff has alleged that Szczepanski attempted to charge him for his shoes in violation of prison policy that said no inmates will be charged. At the pleading stage, the existence of a policy contrary to the policy the defendant has

followed is likely sufficient to plead the subjective component. But because Plaintiff's deprivation was not serious, this claim still fails.

## DISPOSITION

The Court finds that the facts alleged by Plaintiff do not state a claim upon which relief could be granted, and further, that Plaintiff could not plead facts that would make these claims viable.

**IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED with prejudice**, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Because two of Plaintiff's previously-filed lawsuits[1] have also been dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, the dismissal of this case gives Plaintiff his third "strike." Accordingly, if Plaintiff seeks to file any future civil action *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[1] *Davenport v. Lind*, 12-cv-980-GPM (S.D. Ill., filed Sept. 10, 2012) (strike 1, dismissed on November 13, 2012 for failure to state a claim upon which relief may be granted); *Davenport v. Green*, 13-cv-484-MJR (S.D. Ill., filed May 23, 2013) (strike 2, dismissed on June 24, 2013 for failure to state a constitutional claim upon which relief may be granted).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly**.**

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:  June 13, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**